UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ANGEL PEREZ, AN INFANT UNDER 18 YEARS
OF AGE BY HIS MOTHER AND NATURAL
GUARDIAN JEANETTE MUNOZ,

**ANSWER**

07 Civ. 10319 (RJS)

                                        Plaintiff,

                    -against-                        Jury Trial Demanded

THE CITY OF NEW YORK, POLICE OFFICER
JOHN DOE, & POLICE OFFICER RICHARD ROE
(name and # unknown),

                                        Defendants.

---------------------------------------------------------------------- x

       Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed and invoke the jurisdiction of this Court as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

       5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint, except admits that plaintiff purports to proceed as stated therein, and states that the allegations concerning the capacity in which "Police Officer John Doe" was acting is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the complaint, except states that the allegations concerning the capacity in which "Police Officer Richard Roe" was acting is a conclusion of law, rather than an averment of fact, to which no response is required, and admits that plaintiff purports to proceed as stated therein.

9.    Paragraph "10"[1] of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

10.    Denies the allegations set forth in paragraph "11" of complaint, except admits that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint.

---

[1] There is no paragraph "9" in the complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the complaint, except admits that plaintiff was in the vicinity of Bleecker Street and Irving Avenue, in Brooklyn, NY on the evening of August 17, 2006.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the complaint.

14.    Denies the allegations set forth in paragraph "15" of the complaint.

15.    Denies the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff was searched.

16.    Denies the allegations set forth in paragraph "17" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was searched, or regarding any conversation between plaintiff and an unidentified detective.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the complaint.

18.    Denies the allegations contained in paragraph "19" of the complaint, except admits that plaintiff was taken to the 83rd precinct.

19.    Denies the allegations set forth in paragraph "20" of the complaint, except admits that plaintiff was taken to Brooklyn Central Booking at approximately 2:00 pm on August 18, 2006.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the complaint.

25.     Denies the allegations set forth in paragraph "26" of the complaint.

26.     Denies the allegations set forth in paragraph "27" of the complaint.

27.     Denies the allegations set forth in paragraph "28" of the complaint.

28.     Denies the allegations set forth in paragraph "29" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 14, 2006, and this purported claim has not been settled, or adjusted.

29.     In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges paragraphs "1" through "28" of this answer, as if fully set forth herein.

30.     Denies the allegations set forth in paragraph "31" of the complaint.

31.     Paragraph "32" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

32.     Denies the allegations set forth in paragraph "33" of the complaint.

33.     Denies the allegations set forth in paragraph "34" of the complaint.

- 4 -

34.     Denies the allegations set forth in paragraph "35" of the complaint.

35.     In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges paragraphs "1" through "34" of this answer, as if fully set forth herein.

36.     Denies the allegations set forth in paragraph "37" of the complaint.

37.     Paragraph "38" of the complaint sets for conclusions of law, rather than averments of fact, and accordingly no response is required.

38.     Denies the allegations set forth in paragraph "39" of the complaint.

39.     Denies the allegations set forth in paragraph "40" of the complaint.

40.     Denies the allegations set forth in paragraph "41" of the complaint,

41.     In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges paragraphs "1" through "40" of this answer, as if fully set forh herein.

42.     Denies the allegations set forth in paragraph "43" of the complaint, except states that the allegations that defendants acted "within the scope of their employment" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

43.     Denies the allegations set forth in paragraph "44" of the complaint.

44.     Denies the allegations set forth in paragraph "45" of the complaint.

45.     Paragraph "46" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

46.     Denies the allegations set forth in paragraph "47" of the complaint.

47.     Denies the allegations set forth in paragraph "48" of the complaint.

48.     Denies the allegations set forth in paragraph "49" of the complaint.

- 5 -

49.     In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and realleges paragraphs "1" through "48" of this answer, as if fully set forth herein.

50.     Denies the allegations set forth in paragraph "51" of the complaint, except states that the allegations that defendants acted "within the scope of their employment" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

51.     Denies the allegations set forth in paragraph "52" of the complaint.

52.     Denies the allegations set forth in paragraph "53" of the complaint, except states that the allegations that defendants acted "within the scope of their employment" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

53.     Denies the allegations set forth in paragraph "54" of the complaint.

54.     Denies the allegations set forth in paragraph "55" of the complaint.

55.     Denies the allegations set forth in paragraph "56" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

56.     In response to the allegations set forth in paragraph "57" of the complaint, defendant repeats and realleges paragraphs "1" through "55" of this answer, as if fully set forth herein.

57.     Denies the allegations set forth in paragraph "58" of the complaint.

58.     Denies the allegations set forth in paragraph "59" of the complaint.

59.     Denies the allegations set forth in paragraph "60" of the complaint.

60.     Denies the allegations set forth in paragraph "61" of the complaint.

61.     Denies the allegations set forth in paragraph "62" of the complaint.

62.     Denies the allegations set forth in paragraph "63" of the complaint.

63.    Denies the allegations set forth in paragraph "64" of the complaint.

64.    Denies the allegations set forth in paragraph "65" of the complaint, except admits that plaintiff was arrested by New York City Police Officers on or about August 17, 2006.

65.    Denies the allegations set forth in paragraph "66" of the complaint.

66.    Denies the allegations set forth in paragraph "67" of the complaint, except states that the allegations that defendants acted "within the scope of their employment" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

67.    Denies the allegations set forth in paragraph "68" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

68.    Denies the allegations set forth in paragraph "69" of the complaint.

69.    In response to the allegations set forth in paragraph "70" of the complaint, defendant repeats and realleges paragraphs "1" through "68" of this answer, as if fully set forth herein.

70.    Denies the allegations set forth in paragraph "71" of the complaint, insofar as it sets forth allegations of fact, including the presumption that plaintiff was falsely arrested; insofar as it sets for the conclusions of law, no response is required.

71.    Denies the allegations set forth in paragraph "72" of the complaint.

72.    Denies the allegations set forth in paragraph "73" of the complaint.

73.    Denies the allegations set forth in paragraph "74" of the complaint.

74.    Denies the allegations set forth in paragraph "75" of the complaint.

75.    Paragraph "76" of the complaint sets forth a jury demand, rather than an averment of fact, and accordingly no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

76.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

77.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

78.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

79.     The plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

80.     Some of plaintiff's state law claims may be barred for failure to comply with conditions precedent to suit, pursuant to General Municipal Law §§ 50-e and 50-i.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

81.     Any claims asserted by plaintiff against the City of New York under state law are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

82.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

83.     There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

84.     Some of plaintiff's claims may be barred by the applicable limitations
period.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

85.     Plaintiff provoked any incident.


**WHEREFORE,** defendant requests judgment dismissing the complaint in its entirety,

together with the costs and disbursements of this action, and such other and further relief as the

Court may deem just and proper.

Dated:          New York, New York
                February 4, 2008


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 3-195
                              New York, New York 10007
                              (212) 788-0422


                    By:      _____/s/_____
                              Morgan D. Kunz
                              Assistant Corporation Counsel
                              Special Federal Litigation Division


TO:     Nicole Christine Barnum, Esq.
        Attorney for Plaintiff
        Barnum & Reyes, P.C.,
        145 Hudson Street, Suite 5C
        New York, NY 10013 (By E.C.F. and First Class Mail)

Index No.  07 CV 10319 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL PEREZ, AN INFANT UNDER 18 YEARS
OF AGE BY HIS MOTHER AND NATURAL
GUARDIAN JEANETTE MUNOZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
JOHN DOE, & POLICE OFFICER RICHARD ROE
(name and # unknown),

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Morgan D. Kunz*
*Tel:  (212) 788-0422*
*NYCLIS No. 2007-028665*

*Due and timely service is hereby admitted.*

*New York, N.Y.................................................................................., 200...*

*............................................................................................... Esq.*

*Attorney for.............................................................................................*