UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANGEL PEREZ, AN INFANT UNDER 18 YEARS
OF AGE BY HIS MOTHER AND NATURAL
GUARDIAN, JEANETTE MUNIZ

                    Plaintiff,

                    vs.

THE CITY OF NEW YORK, POLICE OFFICER
THOMAS SERINO, & DETECTIVE
MICHAEL O"KEEFE

                    Defendants
------------------------------------------------------------------X

07 CV 10319 (RJS)
ECF CASE

**AMENDED COMPLAINT/ JURY DEMAND**

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was deprived of his constitutional and common law rights when the individual defendants utilized unreasonable and excessive force, and unlawfully committed an unwarranted and malicious assault and battery on plaintiff. Defendants deprived plaintiff of his constitutional and common law rights when they caused the unjustifiable arrest of plaintiff and unlawfully confined plaintiff.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, and the doctrine of supplemental jurisdiction over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c).

## PARTIES

5. The plaintiff, Angel Perez, is a minor under 18 years of age, and represented herein by his mother and natural guardian, Jeanette Muniz. The plaintiff is a citizen of the United States, and is and was at all times relevant herein a resident of Queens, New York.

6. The plaintiff Jeanette Muniz is a citizen of the United States, and is and was at all times relevant herein a resident of Queens, New York.

7. At all times relevant hereto, Police Officer Thomas Serino, Shield #20888 was acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment as such. Officer Serino is being sued in his individual capacity.

8. At all times relevant hereto, Detective Michael O'Keefe, Shield # 3596, was acting in the capacity of agent, servant, and employee of the defendant City, and within the scope of his employment as such. Detective O'Keefe is being sued in his individual capacity.

10. At all times relevant herein, the individual defendants were acting under color of state

law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

12. On August 17, 2006, plaintiff was a 14 years and resided at 8105 Hammel Beach, Queens, NY.

13. On August 17, 2006, at approximately 9:00 p.m., Angel Perez was in the vicinity of Bleeker Street and Irving Avenue, in Brooklyn, NY.

14. After playing football in the schoolyard, Angel walked over to see his cousin, Joshua Vega, who had just come home from the hospital.

15. As plaintiff approached his cousin, police offers pulled up in a vehicle. After exiting

the vehicle, approximately five police offers forcefully pushed plaintiff and other juveniles up against a wall. Plaintiff informed the members of the NYPD that he was only fourteen years old.

16. While placed against the wall, plaintiff was searched by a uniformed police officer and handcuffed. During the search, the officer touched and groped in plaintiff's genital area.

17. Subsequently, detectives arrived on the scene and conducted a second search of plaintiff. During this search, plaintiff requested that the detective loosen his handcuffs and was told to "shut up." During this second search, the detectives touched and groped in plaintiff's genital area.

18. Plaintiff was not found to be in possession of any stolen property, drugs or weapons.

19. Plaintiff was taken to the 83rd precinct where he was placed on a bench with his right hand cuffed in a painful, raised position, up above his head. Plaintiff's left hand was placed in handcuffs attached to the bench in which he was seated. The tightness of the handcuffs in combination with having his arm forcibly raised above his head for an extended period of time caused extreme pain and swelling to plaintiff's arm, requiring medical attention.

20. Plaintiff's remained handcuffed in this awkward and painful position overnight and through the next day until he was taken to Central Booking around 2:00 p.m on August 18, 2006.

21. Plaintiff was taken to Central Booking in arm and leg shackles and subsequently searched upon his arrival.

22. Plaintiff was placed in a cell where officers handcuffed both of his hands to a bench. The cell plaintiff was placed in contained 20 to 30 inmates, many of whom were adults. While in the cell, adult inmates attempted to steal plaintiff's shoes. Plaintiff feared for his safety and his property but was unable to defend himself since both of his hands were cuffed to the bench. Another inmate came to plaintiff's assistance.

23. Plaintiff never saw a judge in Central Booking. After being held there for several hours he was taken back to the 83rd precinct at approximately 6:00 p.m., and was again left handcuffed to a bench. After being held at the precinct for a period of time, he was taken to the Bridges Juvenile Center Juvenile Detention Facility.

24. Plaintiff remained incarcerated at Bridges Juvenile Center from Friday August 18th until Monday August 21, 2006, when he was transported to Brooklyn Family Court. Plaintiff was locked room with numerous juvenile delinquents at the Brooklyn Family Court until he was released at approximately 6:00 p.m. At no time did he see a Judge or have any charges filed against him.

25. On October 31, 2006, Corporation Counsel for the City of New York officially declined to prosecute the matter.

26. The use of force on plaintiff by Officer Defendants was unreasonable and far in excess of their lawful authority as New York City police officers. The arrest of plaintiff was made without reasonable or probable cause and placing this child in handcuffs in a manner to cut off circulation, cause swelling, damage nerve tissue, and cause pain and suffering was excessive.

27. Plaintiff suffered extreme swelling to his arm which required medical treatment and x-rays. While in custody plaintiff also suffered several asthma attacks and, despite his requests for assistance, was not provided with his medicine or medical attention.

28. As a direct and proximate result of this viscous assault and unlawful arrest, plaintiff suffered and continues to suffer from extreme physical pain, incurred medical expenses, and experienced and continues to experience psychological pain, suffering, and mental anguish and other losses.

29. A notice of claim was served on the Comptroller of the City of New York and at least

thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

### FIRST CAUSE OF ACTION

**Violation of Plaintiffs Rights under § 1983, U.S. Constitution, and Fourth Amendment**

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. By reason of the foregoing, and by the placing of the handcuffs on the child in a manner to cut off circulation, cause swelling, damage nerve tissue, pain and suffering, the Officer Defendants used unreasonable and excessive force against plaintiff and/or failed to prevent other officers from doing so, and thereby deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

32. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

33. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

34. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

### Violation of Plaintiffs Rights under § 1983, U.S. Constitution, Fourth Amendment and Fourteenth

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. By falsely arresting plaintiff without probable cause, and holding him under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

38. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

39. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

40. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## **THIRD CAUSE OF ACTION**

### **Assault**

42. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. The defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

44. By reason of the foregoing, and by the placing of the handcuffs on the child in a manner to cut off circulation, cause swelling, damage nerve tissue, pain and suffering, and assaulting and battering him while he was in custody, the Officer Defendants committed the torts of assault and/or failed to prevent other officers from doing so.

45. The assault and battery by the Officer Defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted an unreasonable use of force.

46. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

47. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

48. Defendants, their officers, agents, servants, and employees were responsible for the assault on the plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## FOURTH CAUSE OF ACTION

### Battery

50. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 49 with the same force and effect as if more fully set forth at length herein.

51. The defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, or failed to prevent other officers from doing so, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

52. By reason of the foregoing, and by the placing of the handcuffs on the child in a manner to cut off circulation, cause swelling, damage nerve tissue, pain and suffering, and assaulting and battering him while he was in custody Defendants committed the torts of battery and/or failed to prevent other officers from doing so.

53. Defendant Officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department,

which are therefore responsible for their conduct.

54. Defendants, their officers, agents, servants, and employees were responsible for the battery of the plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

56. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FIFTH CAUSE OF ACTION

#### False Arrest

57. Plaintiff repeats and realleges paragraphs 1 through 56 as if the same were fully set forth at length herein.

58. The Officer Defendants wrongfully and illegally arrested and imprisoned plaintiff and/or failed to prevent other officers from doing so.

59. The wrongful, unjustifiable and unlawful arrest and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable or reasonable cause.

60. The Officer Defendants further falsely arrested and imprisoned plaintiff when they held him in custody for an extended and unreasonable period of time after.

61. At all relevant times, the Officer Defendants acted forcibly in arresting and imprisoning plaintiff.

62. At all relevant times, plaintiff was unlawfully, wrongfully, and unjustifiably arrested, deprived of his liberty, and imprisoned.

63. At all times mentioned, the unlawful, wrongful, and false imprisonment of plaintiff was without right and without cause.

64. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

65. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's arrest and imprisonment during this period of time.

66. The Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, and are guilty of egregious and gross misconduct towards plaintiff.

67. Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their wrongdoing under the doctrine of respondeat superior.

68. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

70. Plaintiff repeats and realleges paragraphs 1 through 69 as if the same were fully set forth at length herein.

71. Upon information and belief, defendant City, through the NYPD, owed a duty of care to plaintiff to prevent his unlawful arrest, and prevent the use of excessive and unreasonable force against him.

72. Upon information and belief, defendant City, through the NYPD, owed a duty of care to plaintiff because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that an injury to plaintiff, or to those in a like situation, would probably result from this conduct.

73. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

74. Upon information and belief, defendant City, through the NYPD, knew or should have known through the exercise of reasonable diligence that the Officer Defendants had a propensity to commit the misconduct that caused plaintiff's injuries.

75. Upon information and belief, defendant City's negligence in hiring and retaining the Officer Defendants proximately caused plaintiff's injuries.

## JURY DEMAND

76. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiffs shall recover compensatory damages in the sum of $5,000,000 against the individual defendants, Police Officer Thomas Serino, Detective Thomas O'Keefe and the City of New York, jointly

and severally.

    a. That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

    b. That the plaintiffs have such other and further relief as the Court shall deem just and proper.

DATED:    April 17, 2008
              New York, New York

_____
NICOLE BARNUM, ESQ. (NB 9543)
BARNUM & REYES, P.C.
145 Hudson Street, Suite 5C
New York, New York 10013
(212) 966-3761