UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

ANGEL PEREZ, AN INFANT UNDER 18 YEARS
OF AGE BY HIS MOTHER AND NATURAL
GUARDIAN JEANETTE MUNIZ,

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
THOMAS SERINO, & DETECTIVE MICHAEL
O''KEEFE,

                                Defendants.

----------------------------------------------------------------------- x

**ANSWER TO AMENDED
COMPLAINT ON BEHALF
OF DEFENDANTS**

07 Civ. 10319 (RJS)

Jury Trial Demanded

        Defendants City of New York, Thomas Serino, and Michael O'Keefe, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction of this Court as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.      Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

        5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the amended complaint.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the amended complaint.

7.    Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that plaintiff purports to proceed as stated therein, and state that the allegations that defendant Serino was "acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment" are conclusions of law, rather than averments of fact, and accordingly no response is required.

8.    Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that plaintiff purports to proceed as stated therein, and state that the allegations that defendant Michael O'Keefe "acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment" are conclusions of law, rather than averments of fact, and accordingly no response is required.

9.    Paragraph "10" of the amended complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.[1]

10.    Deny the allegations set forth in paragraph "11" of amended complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

---

[1] There is no paragraph "9" in the amended complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the amended complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the amended complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the amended complaint.

14.     Deny the allegations set forth in paragraph "15" of the amended complaint.

15.     Deny the allegations set forth in paragraph "16" of the amended complaint, except admit that plaintiff was pat-frisked and handcuffed.

16.     Deny the allegations set forth in paragraph "17" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was searched a second time, or regarding any conversation between plaintiff and an unidentified detective.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the amended complaint.

18.     Deny the allegations contained in paragraph "19" of the amended complaint, except admit that plaintiff was taken to the 83rd Precinct.

19.     Deny the allegations set forth in paragraph "20" of the amended complaint, except admit that plaintiff was taken to Brooklyn Central Booking at approximately 2:00 pm on August 18, 2006.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the amended complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the amended complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the amended complaint, except admit that on the August 18, 2006 plaintiff was brought to Bridges Juvenile Detention Facility.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the amended complaint, except admit that plaintiff remained at the Bridges Juvenile Detention Facility from August 18, 2006 until August 21, 2006.

24.     Deny the allegations set forth in paragraph "25" of the amended complaint.

25.     Deny the allegations set forth in paragraph "26" of the amended complaint.

26.     Deny the allegations set forth in paragraph "27" of the amended complaint.

27.     Deny the allegations set forth in paragraph "28" of the amended complaint.

28.     Deny the allegations set forth in paragraph "29" of the amended complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 14, 2006, and this purported claim has not been settled, or adjusted.

29.     In response to the allegations set forth in paragraph "30" of the amended complaint, defendants repeat and reallege paragraphs "1" through "28" of this answer, as if fully set forth herein.

30.     Deny the allegations set forth in paragraph "31" of the amended complaint.

31.     Paragraph "32" of the amended complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

32.     Deny the allegations set forth in paragraph "33" of the amended complaint.

33.     Deny the allegations set forth in paragraph "34" of the amended complaint.

34.     Deny the allegations set forth in paragraph "35" of the amended complaint.

35.     In response to the allegations set forth in paragraph "36" of the amended complaint, defendants repeat and reallege paragraphs "1" through "34" of this answer, as if fully set forth herein.

36.     Deny the allegations set forth in paragraph "37" of the amended complaint.

37.     Paragraph "38" of the amended complaint sets for conclusions of law, rather than averments of fact, and accordingly no response is required.

38.     Deny the allegations set forth in paragraph "39" of the amended complaint.

39.     Deny the allegations set forth in paragraph "40" of the amended complaint.

40.     Deny the allegations set forth in paragraph "41" of the amended complaint,

41.     In response to the allegations set forth in paragraph "42" of the amended complaint, defendants repeat and reallege paragraphs "1" through "40" of this answer, as if fully set forth herein.

42.     Deny the allegations set forth in paragraph "43" of the amended complaint, except state that the allegations that defendants acted "within the scope of their employment" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

43.     Deny the allegations set forth in paragraph "44" of the amended complaint.

44.     Deny the allegations set forth in paragraph "45" of the amended complaint.

45.     Paragraph "46" of the amended complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

46.     Deny the allegations set forth in paragraph "47" of the amended complaint.

47.     Deny the allegations set forth in paragraph "48" of the amended complaint.

48.     Deny the allegations set forth in paragraph "49" of the amended complaint.

49.     In response to the allegations set forth in paragraph "50" of the amended complaint, defendants repeat and reallege paragraphs "1" through "48" of this answer, as if fully set forth herein.

50.     Deny the allegations set forth in paragraph "51" of the amended complaint, except state that the allegations that defendants acted "within the scope of their employment" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

51.     Deny the allegations set forth in paragraph "52" of the amended complaint.

52.     Deny the allegations set forth in paragraph "53" of the amended complaint, except state that the allegations that defendants acted "within the scope of their employment" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

53.     Deny the allegations set forth in paragraph "54" of the amended complaint.

54.     Deny the allegations set forth in paragraph "55" of the amended complaint.

55.     Deny the allegations set forth in paragraph "56" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

56.     In response to the allegations set forth in paragraph "57" of the amended complaint, defendants repeat and reallege paragraphs "1" through "55" of this answer, as if fully set forth herein.

57.     Deny the allegations set forth in paragraph "58" of the amended complaint.

58.     Deny the allegations set forth in paragraph "59" of the amended complaint.

59.     Deny the allegations set forth in paragraph "60" of the amended complaint.

60.     Deny the allegations set forth in paragraph "61" of the amended complaint.

61.     Deny the allegations set forth in paragraph "62" of the amended complaint.

62.     Deny the allegations set forth in paragraph "63" of the amended complaint.

63.     Deny the allegations set forth in paragraph "64" of the amended complaint.

64.     Deny the allegations set forth in paragraph "65" of the amended complaint, except admit that plaintiff was arrested by New York City Police Officers on or about August 17, 2006.

65.     Deny the allegations set forth in paragraph "66" of the amended complaint.

66.     Deny the allegations set forth in paragraph "67" of the amended complaint, except admit that Thomas Serino is employed by the City of New York as  police officer, that Michael O'Keefe is employed by the City of New York as a police detective, and

state that the allegations that "officer defendants" acted "within the scope of their employment" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

67.    Deny the allegations set forth in paragraph "68" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

68.    Deny the allegations set forth in paragraph "69" of the amended complaint.

69.    In response to the allegations set forth in paragraph "70" of the amended complaint, defendants repeat and reallege paragraphs "1" through "68" of this answer, as if fully set forth herein.

70.    Deny the allegations set forth in paragraph "71" of the amended complaint, insofar as it sets forth allegations of fact, including the presumption that plaintiff was falsely arrested; insofar as it sets for the conclusions of law, no response is required.

71.    Deny the allegations set forth in paragraph "72" of the amended complaint.

72.    Deny the allegations set forth in paragraph "73" of the amended complaint.

73.    Deny the allegations set forth in paragraph "74" of the amended complaint.

74.    Deny the allegations set forth in paragraph "75" of the amended complaint.

75.    Paragraph "76" of the amended complaint sets forth a jury demand, rather than an averment of fact, and accordingly no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

76.     The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

77.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

78.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

79.     The plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

80.     Some of plaintiff's state law claims may be barred for failure to comply with conditions precedent to suit, pursuant to General Municipal Law §§ 50-e and 50-i.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

81.     Any claims asserted by plaintiff against the City of New York under state law are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

82.    At all times relevant to the acts alleged in the amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

83.    There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

84.    Some of plaintiff's claims may be barred by the applicable limitations period.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

85.    Plaintiff provoked any incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

86.    Defendants Serino and O'Keefe have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            June 16, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
         City of New York
    Attorney for Defendants City of New York, Thomas Serino, and Michael O'Keefe
    100 Church Street, Room 3-195
    New York, New York 10007
    (212) 788-0422

    By:       /s/
             Morgan D. Kunz
             Assistant Corporation Counsel
             Special Federal Litigation

TO:   Nicole Christine Barnum, Esq.
     Attorney for Plaintiff
     Barnum & Reyes, P.C.,
     145 Hudson Street, Suite 5C
     New York, NY 10013 (By E.C.F. and First Class Mail)

Index No.  07 CV 10319 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL PEREZ, AN INFANT UNDER 18 YEARS
OF AGE BY HIS MOTHER AND NATURAL
GUARDIAN JEANETTE MUNOZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
JOHN DOE, & POLICE OFFICER RICHARD ROE
(name and # unknown),

Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Thomas Serino, and Michael O'Keefe*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Morgan D. Kunz*
*Tel:  (212) 788-0422*
*NYCLIS No. 2007-028665*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..................................................................................... , 200...*

*.......................................................................................................... Esq.*

*Attorney for ..........................................................................................................*